IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL B. KINGSLEY,

                                                                                OPINION and ORDER

                Plaintiff,

                                                                     13-cv-432-bbc

     v.

KEVIN RADDATZ,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action, plaintiff Michael B. Kingsley contends that defendant Kevin Raddatz used excessive force in violation of the Fourteenth Amendment when he struck plaintiff while he was a pretrial detainee in the Monroe County jail in Sparta, Wisconsin. Defendant has moved for summary judgment on the grounds that plaintiff has not adduced sufficient evidence that he was struck by defendant and that even if he was, the contact was unintentional and caused "de minimis" injury. Dkt. #24. Alternatively, defendant argues that he is entitled to summary judgment under the doctrine of qualified immunity. Because material facts about the incident are in genuine dispute and because I find that if the strike did occur, it violated clearly established law, defendant's motion for summary judgment will be denied as to plaintiff's excessive force claim.

1

Defendant has also moved for summary judgment on claims arising under state law in which he was asserted to have acted pursuant to a policy or custom under the standard set forth in Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691 (1978).  Because plaintiff did not assert a Monell claim, this aspect of defendant's motion will be denied as moot.  However, because plaintiff has no available relief under his state law claim, defendant's motion will be granted in that respect.

From defendant's proposed findings of fact and plaintiff's responses, I find that the following facts are undisputed.

## UNDISPUTED FACTS

On September 25, 2011, plaintiff Michael B. Kingsley was detained at the Monroe County jail pursuant to a criminal charge.  Defendant Kevin Raddatz is an officer with the Monroe County sheriff's department, and he works as a jailor at the Monroe County jail.

Plaintiff's single cell had three mattress, although plaintiff did not have authorization to possess the third mattress.  Sometime during the morning of September 25, 2011, defendant approached plaintiff's cell and asked plaintiff whether he had three mattresses in his cell.  Plaintiff, who was lying on the mattresses, said he did.  Defendant instructed plaintiff to return one of the mattresses.  Plaintiff got off the mattresses and began to remove one of them.  (The parties dispute whether plaintiff then "threw" the mattress at defendant

2

or whether he slid it on the ground toward defendant. Defendant says he thought plaintiff might be initiating an attack.). Defendant tried to place plaintiff in an "escort hold." (Neither party explains what this term means, but it appears to be a method for physically restraining suspects and inmates. The parties dispute whether plaintiff then "pulled his arm away" from defendant's grip or whether plaintiff simply "recoiled.")

Both parties fell onto plaintiff's bed. (Plaintiff says he saw defendant raise his arm and then felt a blow to the side of his neck by a closed fist. Defendant says that he did not strike plaintiff and that any contact with plaintiff's neck was inadvertent.) Defendant was able to put plaintiff in an escort hold and took him to a "receiving cell." (Neither party explains what a receiving cell is.)

While in the receiving cell, plaintiff complained of pain in his neck, so jail staff members took him to a hospital. (The parties dispute whether plaintiff's neck had a "contusion.") The doctor concluded that, to the extent plaintiff was injured, it could not be addressed by any particular treatment in the hospital. Plaintiff returned to the jail with an ice pack and over-the-counter pain killers. (The parties dispute whether he also had a muscle relaxant.) Plaintiff's symptoms subsided within two to three days and he experienced no other medical problems arising from the incident with defendant.

OPINION

A. Excessive Force

Plaintiff contends that defendant used excessive force when he punched plaintiff in the neck and that he suffered an injury to his neck as a result. Because plaintiff was a pretrial detainee at the time of the incident, his claim of excessive force is governed by the due process clause of the Fourteenth Amendment. Kingsley v. Hendrickson, 744 F.3d 443, 449 (7th Cir. 2014); Forrest v. Prine, 620 F.3d 739, 743-44 (7th Cir. 2010); Lewis v. Downey, 581 F.3d 467, 473 (7th Cir. 2009). Under the Fourteenth Amendment, "the 'proper inquiry' is whether the treatment of the detainee 'amount[s] to punishment'"; under the Eighth Amendment, "'[a] sentenced inmate . . . may be punished, although that punishment may not be 'cruel and unusual' . . . . " Kingsley, 744 F.3d at 449 (quoting Bell v. Wolfish, 441 U.S. 520, 535, 535 n. 16 (1979)).

Moreover, to determine whether a prison official's use of force on a prisoner was "excessive" in violation of the Eighth Amendment, a court must determine "whether [the] force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). With respect to claims under the Fourteenth Amendment, the issue is whether the defendant acted with more than negligence when using force against the plaintiff. Kingsley, 744 F.3d at 453 ("[T]he Due

4

Process Clause provides its own limiting principle; the Clause protects against only abusive conduct that is more than negligence . . . . [O]ur cases are clear that the existence of intent—at least recklessness—is a requirement in Fourteenth Amendment excessive force cases."). Thus, "the protection afforded by the Due Process Clause is broader than that afforded under the Eighth Amendment." Id. at 449. Nevertheless, even if I apply the stricter Eighth Amendment standard to the facts of this case, I cannot determine as a matter of law that defendant's conduct was not malicious and harmful to plaintiff.

1. Plaintiff's evidence

Defendant argues that plaintiff has not adduced sufficient evidence to maintain his claim of excessive force. First, defendant argues that plaintiff has not provided sufficient evidence that defendant punched plaintiff because he says plaintiff did not see the alleged punch. However, plaintiff testified that he saw defendant's arm move and then felt a closed fist hit his neck. Defendant implies that plaintiff is required to adduce evidence of *visual* confirmation of defendant's use of force, but he cites no authority to support this theory. Fed. R. Evid. 701 states that a lay witness may give opinion testimony that is "rationally based on the witness's *perception*," which includes the witness's sense of touch. Id. (emphasis added). A reasonable jury could find that plaintiff was able to discern the sensation of a punch or closed fist. Thus, I conclude that the issue whether defendant punched plaintiff

5

is genuinely disputed.

Second, defendant argues that any force applied to plaintiff was not "excessive" because it was not intentional, thus not intended to do harm. Hudson, 503 U.S. at 6-7. Although I agree with defendant that the most plausible view of the facts suggests that any force used by defendant was a good faith attempt to subdue plaintiff in the course of their struggle, I cannot determine as a matter of law that no reasonable jury would find otherwise. Therefore, plaintiff's testimony that defendant punched him is sufficient, if only barely, to support an allegation that defendant acted with malice to harm plaintiff.

Finally, defendant argues that the injury plaintiff suffered as a result of defendant's contact with his neck was "de minimis," so plaintiff cannot succeed on his excessive force claim. Hudson v. McMillian, 503 U.S. 1, 9 (1992) ("That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action."); Washington v. Hively, 695 F.3d 641, 643 (7th Cir. 2012) ("The doctrine *de minimis non curat lex* (the law takes no account of trifles) is concerned with harm rather than with force . . . .") (emphasis in original). It is undisputed that plaintiff felt soreness in his neck and went to the doctor but his treatment was limited to ice and nonprescription painkillers (and perhaps a muscle relaxant as well). Thus, it appears likely that plaintiff's injury was not serious; even so, a jury could conclude that defendant used excessive force. As the Supreme Court has explained, "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an

6

excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010). Rather, the insignificance of plaintiff's injuries is one factor that the jury may consider in determining whether the force used by defendant was excessive. If a jury were to believe plaintiff's version of events, the jury could conclude that defendant used force, that defendant's use of force was disproportionate to the situation and that defendant intended to harm plaintiff.

2. Qualified immunity

Defendant argues that even if his actions were unconstitutional, he is entitled to qualified immunity, which applies whenever a government official's actions did not violate the "clearly established law" at the time of the incident. Pearson v. Callahan, 555 U.S. 223, 243-44 (2009); Vinning-El v. Evans, 657 F.3d 591, 594 (7th Cir. 2011). Once a defendant has raised the defense of qualified immunity, the plaintiff has the burden to show that it should not apply. Mannoia v. Farrow, 476 F.3d 453, 457 (7th Cir. 2007).

Plaintiff has met that burden in this case. As explained above, a reasonable jury could conclude that defendant acted with malice and intended to harm plaintiff. "The notion that unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment is not a new or unusual constitutional principle." Hill v. Shelander, 992 F.2d 714, 718 (7th Cir. 1993) (internal quotations and citations omitted).

7

Nor is the notion that the Fourteenth Amendment provides at least as much protection from excessive force as the Eighth Amendment. Wilson v. Williams, 83 F.3d 870, 875 (7th Cir. 1996).

### B. Other Claims

1. *Monell* liability

Defendant argues that plaintiff has not alleged that defendant set policy or acted pursuant to a custom or policy of Monroe County, so he should be granted summary judgment with respect to any theory of liability under the Monell standard. Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691 (1978) ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."). Plaintiff has responded that he did not intend to assert a Monell claim, Plt.'s Br., dkt. #28, at 10, so this aspect of defendant's motion will be denied as moot.

2. State law claim

Defendant argues that he should also be granted summary judgment with respect to plaintiff's state law claim. When I screened plaintiff's complaint, I overlooked his claim that defendant's actions violated the Wisconsin Constitution. Had I considered the claim, I

8

would have dismissed it.  The Wisconsin Constitution does not authorize suits for money damages except in the context of a takings claim.  W.H. Pugh Coal Co. v. State, 157 Wis. 2d 620, 634-35, 460 N.W.2d 787, 792-93 (1990) (holding that plaintiff could sue state for money damages arising from unconstitutional taking of property because article I, section 13 of the Wisconsin Constitution requires that state provide "just compensation" when property is taken); Jackson v. Gerl, 07-cv-656-bbc, 2008 WL 753919, *6 (W.D. Wis. 2008) ("Other than one very limited exception inapplicable to this case, I am not aware of any state law provision that allows an individual to sue state officials for money damages arising from a violation of the Wisconsin Constitution.").  Furthermore, injunctive relief is unavailable to plaintiff because he is no longer detained at the Monroe County jail, but is a convicted prisoner in the custody of the Wisconsin Department of Corrections.  Because plaintiff cannot obtain relief under his state law claim, I am granting defendant's motion as to this claim.

ORDER

IT IS ORDERED that defendant Kevin Raddatz's motion for summary judgment, dkt. #24, is GRANTED with respect to plaintiff Michael B. Kingsley's state law claim; DENIED with respect to plaintiff's excessive force claim; and DENIED as moot with respect

9

to any claim under the Monell standard. Plaintiff's state law claim is DISMISSED.

Entered this 11th day of July, 2014.

                                            BY THE COURT:
                                            /s/
                                            BARBARA B. CRABB
                                            District Judge