IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL B. KINGSLEY,

                      OPINION AND ORDER

        Plaintiff,

                      13-cv-432-bbc

    v.

KEVIN RADDATZ,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Trial in this case was scheduled for September 29, 2014 on plaintiff Michael Kingsley's claim that defendant Kevin Raddatz used excessive force when he allegedly struck plaintiff at the county jail. Gabriel Galloway (plaintiff's lawyer) has filed a motion to withdraw as plaintiff's representative because he says plaintiff has fired him. Dkt. #55. Plaintiff admits that he fired Galloway and has filed a motion to stay the proceedings to allow him time to find a new lawyer. Dkt. #60.

      Because plaintiff cites irreconcilable differences with his counsel, I will allow counsel to withdraw. Although defendant wrote the court to oppose plaintiff's motion to stay the proceedings, I am granting a two-month extension to give him an opportunity to retrieve his case materials from Galloway. Trial is rescheduled for Monday, December 8, 2014. The

final pretrial conference will be held the same day, at 8:30 a.m.

In addition, defendant has filed a motion in limine in which he asks the court to exclude (1) evidence of defendant's and other employee's prior uses of force; (2) defendant's disciplinary record; (3) the referral of defendant to the district attorney following the altercation with plaintiff; and (4) defendant's insurance coverage and to include (5) plaintiff's felony convictions . Dkt. #44. For the reasons set forth below, I am granting all five parts of the motion in limine.

OPINION

A. Motion in Limine

1. Previous uses of force against plaintiff

Defendant argues that plaintiff should be precluded from introducing evidence of other instances in which defendant or other jail employees used force against plaintiff because the evidence is irrelevant under Fed. R. Evid. 401 and 402 and impermissible character evidence under Fed. R. Evid. 404. I agree that evidence of some other employee's use of force is irrelevant to plaintiff's claims about what defendant did to him. However, evidence that *defendant* committed other acts of force, especially acts against plaintiff, may be relevant, depending on the facts of the situation. Wilson v. City of Chicago, 6 F.3d 1233,

2

1238 (7th Cir. 1993), as modified on denial of reh'g (Dec. 8, 1993) (holding that evidence that police officer had committed very similar acts of force nine days before alleged acts against plaintiff was relevant). Further, evidence of prior bad acts *is* permissible under Fed. R. Evid. 404(b) for a purpose other than showing the defendant's propensity for the alleged acts. Id. In excessive force cases, the Court of Appeals for the Seventh Circuit has acknowledged that the prior incidents of force may show intent, opportunity and plan. Id.

However, plaintiff has not identified any incidents he intends to discuss, so it is impossible to know whether they would be relevant or permissible under the rules of evidence. In a separate section of his brief, defendant says that he was disciplined by his employer for "his application of a Taser on an uncooperative inmate" in June 2012. Dft.'s Br., dkt. #44, at 6. This incident, which occurred nearly a year after the incident in this case (September 2011) and which involves a much different application of force (a Taser rather than a fist) appears too attenuated from plaintiff's allegations to show defendant's intent, opportunity or plan. In addition, plaintiff's response brief states only that "the fact that Defendant had used force against Plaintiff on other occasions does tend to shed light on the probability that Defendant used undue force against Plaintiff on the occasion in question in our case." Plt.'s Br., dkt. #54, at 1. This is precisely the purpose prohibited by Fed. R. Evid. 404. Therefore, I am granting defendant's motion on this issue.

3

2. Defendant's disciplinary record

Defendant seeks to preclude plaintiff from introducing evidence of defendant's disciplinary record with Monroe County. The incidents listed by defendant include misuse of sick days, playing computer games, a procedural error on an inmate's medical documents, noncompliance with cell check policies and the use of a Taser against an inmate. Plaintiff may introduce evidence under Fed. R. Evid. 608(b) that tends to show defendant's untruthfulness, but nothing in defendant's list of incidents suggests that any of these disciplinary measures was for dishonest behavior. It is possible that misuse of sick days was dishonest, but without any other information about how or why the sick days were used, I cannot conclude that the evidence would be relevant for that purpose.

Plaintiff argues that he should be able to introduce evidence of defendant's discipline for using a Taser on an inmate and for failing to follow proper cell check procedures because that evidence "would tend to shed light on the probability that Defendant used undue force against Plaintiff in Plaintiff's cell." Plt.'s Br., dkt. #54, at 2. As discussed above, this use of evidence is prohibited under Fed. R. Evid. 404(b). Therefore, I am granting defendant's motion with respect to this argument.

3. Referral of defendant to Monroe County District Attorney

Defendant seeks to exclude evidence that the jail referred him to the district

attorney's office for possible charges following the incident with plaintiff.  Plaintiff does not respond to this argument.  The only conceivable way this evidence could be relevant is if the jail completed some evaluation on the propriety of defendant's use of force before making the referral and determined that defendant had been out of line.  Plaintiff has not suggested that this is what happened.  Accordingly, I am granting this aspect of defendant's motion.

4. Insurance coverage

Defendant moves to preclude plaintiff from presenting any evidence of his insurance coverage to the jury.  I am granting this aspect of the motion.  The evidence is irrelevant.  Under Fed. R. Civ. P. 411, "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully."  Neither side may make any reference to defendant's ability to pay damages or to what entity will ultimately pay damages.

5. Plaintiff's criminal convictions

Defendant moves for an order permitting it to impeach plaintiff as a witness with evidence of his six prior felony convictions.  Because these convictions are less than 10 years old, they are all presumptively admissible, unless the probative value is substantially outweighed by the danger of unfair prejudice.  Plaintiff does not respond to this aspect of

defendant's motion and I am unaware of any reason why the prejudice to plaintiff would be so unfair or so great as to substantially outweigh the probative value of this impeachment evidence. Accordingly, I am granting defendant's motion in this respect as well.

Any reference to prior convictions will be limited to the crime charged, the date and the disposition. Gora v. Costa, 971 F.2d 1325, 1330-32 (7th Cir. 1992).

ORDER

IT IS ORDERED that

1. Gabriel Galloway's motion to withdraw as plaintiff Michael Kingsley's counsel, dkt. #55, is GRANTED.

2. Plaintiff's motion to stay, dkt. #60, is GRANTED. The scheduling order is AMENDED to reflect that the final pretrial conference is set for December 8, 2014, at 8:30 a.m. and the trial is to start at 9:00 a.m., the same day.

3. Plaintiff is to notify the court no later than December 1, 2014 that he is prepared to go to trial on December 8, 2014. If plaintiff does not notify the court of the status of the case at that time, the court will assume that he has abandoned his claims and will dismiss the case.

4. Defendant Kevin Raddatz's motion in limine, dkt. #43, is GRANTED in all respects.

5. Defendant's motion for a non-bifurcated trial, dkt. #59, is GRANTED. The parties may present evidence on damages in the first phase of the trial.

Entered this 22d day of September, 2014.

                BY THE COURT:
                /s/
                BARBARA B. CRABB
                District Judge